UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILFREDO TORRES, | |
|                    Plaintiff, | |
| -against- | 23-CV-0123 (LTS) |
| THE BLACKSTONE GROUP; U.S. DEPARTMENT OF JUSTICE; ELIJAH SMALLS; JULIA RODRIGUEZ; COPLEY COFFEE 1, LLC, | ORDER OF DISMISSAL |
|                    Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff sues his landlord, the landlord's employees, and the tenant that operates a coffee shop below his apartment, alleging that the floor of his apartment has been damaged and his mail has been stolen. He further contends that "the U.S. Department of Justice (Federal Bureau of Investigation)" is involved in causing the damage.[1]

By order dated January 9, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1] Plaintiff has other pending actions. *See, e.g.*, *Torres v. City of N.Y. Department of Buildings et al.*, No. 22-CV-9231 (UA) (S.D.N.Y. filed Dec. 5, 2022) (alleging that "CIA terrorist Dennis McGowan uses his job at the NYC Department of Buildings to threaten, intimidate, and prevent the prosecution of my federal civil rights cases . . ."); *Torres v. City of New York*, No. 19-CV-6332 (ER) (S.D.N.Y.).

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this suit against the Blackstone Group, which is his landlord, the apartment building's General Manager Elijah Smalls and Assistant Manager Julia Rodriguez,

and Copley Coffee, LLC (Dunkin Donuts)," which Plaintiff indicates operates a store "immediately below [his] second-floor apartment." (ECF 2 at 9.) He also sues "the U.S. Department of Justice (Federal Bureau of Investigation)." (*Id.* at 4.)

Plaintiff alleges the following: On June 11, 2022, General Manager Smalls "opened a hole in the ceiling of Dunkin Donuts store (the floor of [his] apartment) used heavy drilling machines, flooded [his] apartment with a strange-smelling liquid [which] damaged [his] legal files, and ruined the wooden floor." (*Id.* at 10.) On July 7, 2022, the NYC Department of Housing Preservation and Development (HPD) issued a violation against Blackstone because of the damaged floor. Blackstone repaired the floor on September 8, 2022, and HPD vacated the violation. On October 2, 2022, Blackstone flooded the apartment again, ruining the new floor. Plaintiff alleges that General Manager Smalls is a "peon of the FBI-CIA Cointelpro's domestic assassinations program." (*Id.* at 11.)

This is the third time that Plaintiff has sued the Blackstone Group (and some of its employees), and Plaintiff alleges that, due to interference with his mail, he is being deprived of a fair trial in *Torres v. The Blackstone Grp.*, 1:18-CV-6434 (RA) (S.D.N.Y. Sept. 3, 2019).[2]

---

[2] Plaintiff has brought numerous other suits in this Court. *See, e.g., Torres v. New York Legal Assistance Group*, No. 20-CV-6396 (LLS) (S.D.N.Y. Sept. 24, 2020) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i)), *aff'd*, No. 20-3383 (2d Cir. Mar. 24, 2021); *Torres v. U.S. Court of Appeals for the Second Circuit*, No. 22-CV-2774 (LTS) (S.D.N.Y. June 21, 2022) (complaint dismissed for lack of subject matter jurisdiction); *Torres v. U.S. Dep't of Justice*, No. 21-CV-8427 (S.D.N.Y. Feb. 1, 2022) (dismissing second amended complaint), *aff'd*, 22-0362 (2d Cir. July 7, 2022) ("[A]ppeal is DISMISSED because it "lacks an arguable basis either in law or in fact.").

Some of Plaintiff's prior suits were against the former owner of his apartment building, Bellevue South Associates L.P. *See, e.g., Torres v. Bellevue South Associates L.P.*, No. 16-CV-2362 (RA) (S.D.N.Y. Apr. 21, 2021) (ECF 456), *aff'd*, No. 21-1313 (2d Cir. Oct. 12, 2021) ("[A]ppeal is DISMISSED because it "lacks an arguable basis either in law or in fact."); *Torres v. NYC Police Dep't*, No. 1:16-CV-3437 (S.D.N.Y. Apr. 21, 2021), *aff'd*, No. 21-1314 (2d Cir. Oct. 12, 2021) ("[A]ppeal is DISMISSED because it "lacks an arguable basis either in law or in fact.").

Plaintiff contends that General Manager Smalls, "and his assistant, Julia Rodriguez, systematically steal [his] legal mail" and that Blackstone "holds a 275-page time-sensitive legal document mailed to [him] on 10-3-2022 by the Supreme Court of the United States." (*Id.* at 11.) He argues that this is "another example of Blackstone's attempts to sabotage [his] right to a fair trial in [his] pending lawsuits, case SDNY 18CV6434." (*Id.*)[3]

Plaintiff's complaint includes extensive background information describing matters that he has previously litigated, including, for example, his allegations that agents of the Central Intelligence Agency, "as enforcers of the Deep State, bombed and destroyed the World Trade Center . . . ." (*id.* at 8); that in 2015, in retaliation for his letters to public officials, the CIA-FBI-COINTELPRO agents, together with Plaintiff's former landlord, "conduct[ed] a warrantless raid to kill" him (*id.*); and that the real motive of that raid was not a wellness check but rather an effort to include him in the federal terrorists list (*id.* at 9.)

Plaintiff concludes that "[t]he CIA-FBI-COINTELPRO's domestic assassinations program, The Blackstone Group, and Dunkin Donuts violate [his] civil rights under the Constitution of the United States, especially the right to a fair trial." (*Id.* at 11.) He seeks $10 million in damages. (*Id.* at 6.)

---

[3] The Court notes, however, that contrary to Plaintiff's assertion, *The Blackstone Group*, No. 18-CV-6434, is not pending; rather, his suit against the Blackstone Group, under 42 U.S.C. § 1983, was dismissed on the ground that it is not a state actor, and the Second Circuit affirmed the judgment, *Torres v. The Blackstone Grp.*, 1:18-CV-6434 (RA) (S.D.N.Y. Sept. 3, 2019) (granting the Blackstone Group's motion to dismiss Plaintiff's complaint, which included claims that Blackstone employees were "stealing his mail, including voluminous legal briefs about case l 6CV2362 which they have stolen," for lack of state action), *aff'd*, No. 19-3202 (2d Cir. Dec. 2, 2020).

## DISCUSSION

**A.    Sovereign Immunity**

Plaintiff names the United States Department of Justice (DOJ) as a defendant in this action. Federal agencies are immune from suit unless their sovereign immunity has been waived.[4] *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Brooks v. U.S.*, No 97-CV-16699, 1998 WL 756895, at *1 (9th Cir. 1998) (dismissing on sovereign immunity grounds *pro se* complaint against USDOI) (quoting *Block v. North Dakota,* 461 U.S. 273, 287 (1983)). Plaintiff does not invoke any federal statute that would provide a waiver of the DOJ's sovereign immunity, and his claims do not suggest any basis for such a waiver.[5] Plaintiff's claims against the DOJ are therefore dismissed based on its sovereign immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Civil Rights Claims Against Private Parties**

Plaintiff's claims that Defendants have violated his "civil rights under the Constitution of the United States," (ECF 2 at 11), liberally construed, arise under 42 U.S.C. § 1983. A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of

---

[4] The complaint could also be construed as asserting a claim against another federal agency, the Federal Bureau of Investigation (FBI). If so, the same analysis applies.

[5] A plaintiff may seek damages against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a), but such relief is not available for the violation of a constitutional right. *See FDIC*, 510 U.S. at 477-78 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015) ("The proper defendant in an FTCA claim is the United States."). Moreover, an FTCA claim may only be brought after exhausting administrative remedies with the appropriate federal agency. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) (holding that, before filing an action in federal court, a plaintiff must comply with the FTCA's procedural requirements), *abrogated on other grounds, United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). The Court therefore declines to grant Plaintiff leave to amend to assert an FTCA claim, among other reasons, because Plaintiff cannot bring suit under the FTCA in connection with his constitutional claims.

a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As Defendants Blackstone Group, Elijah Smalls, Julia Rodriguez, and "Copley Coffee, LLC (Dunkin Donuts)" are private parties, Plaintiff has not stated a claim against these defendants under section 1983.[6]

## C.   Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

The Court cautions Plaintiff that filing repetitive or frivolous litigation in this court may result in an order barring Plaintiff from filing any new actions in this court *in forma pauperis* without first seeking  permission of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

---

[6] Plaintiff explicitly alleges that Smalls and Rodriguez are the "Building General Manager and Building Assistant Manager." (ECF 2 at 4.) Insofar as Plaintiff asserts that Smalls is also a "peon of the FBI-CIA Cointelpro's domestic assassinations program" (*id.* at 11), the Court holds that this conclusory allegation is implausible and does not provide a basis for concluding that Smalls is a state actor.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:  January 13, 2023
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge